Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4410 | **DATE** | 9/4/2003 |
| **CASE TITLE** | Schumacher Electric Corp. Vs. Vector Products, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]   Enter Memorandum Opinion and Order. For the foregoing reasons, defendant's motion to dismiss or transfer is denied. Status hearing set for September 25, 2003 at 9:15am.

(11)  ■  [For further detail see order attached to the original minute order.]

| | | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | | |
| | No notices required. | | number of notices | | | |
| | Notices mailed by judge's staff. | | SEP 0 8 2003 | | | |
| | Notified counsel by telephone. | | date docketed | | | |
| ✓ | Docketing to mail notices. | | | | | 26 |
| | Mail AO 450 form. | | docketing deputy initials | | | |
| | Copy to judge/magistrate judge. | | | | | |
| WAH | courtroom deputy's initials | | date mailed notice | | | |
| | | | mailing deputy initials | | | |

U.S. DISTRICT COURT
CLERK

03 SEP -5 AM 8:45

FILED
Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 0 8 2003

SCHUMACHER ELECTRIC CORPORATION,)
                                    )

                   Plaintiff,    )

                                    )

               vs.              )     No. 03 C 4410

                                    )

VECTOR PRODUCTS, INC.,        )

                                    )

               Defendants.    )

## MEMORANDUM OPINION AND ORDER

Plaintiff Schumacher Electric Corporation (Schumacher) brought this action against defendant Vector Products, Inc. (Vector) alleging false advertising, deceptive trade practices and unfair competition. Defendant filed a motion to dismiss the complaint or, in the alternative, to transfer this action to the Southern District of Florida, arguing that it had previously filed a suit involving the same issues. For the following reasons, defendant's motion to dismiss or transfer is denied.

## BACKGROUND

In November 2002, defendant Vector began promoting on its website the "Smart 12V Charge System," a battery charger that was not yet available for sale to the public. Plaintiff Schumacher believed that certain claims made by Vector regarding the charging system were false and misleading and on November 15, 2002, Schumacher sent a letter demanding that Vector either produce its test results or cease and desist from making such representations. Vector, in a letter sent by its attorneys, denied any wrongdoing, and on November 18, 2002, allegedly filed a declaratory judgment action against Schumacher in the Southern District of Florida. Vector never served Schumacher with this lawsuit and voluntarily dismissed it on



March 19, 2003.

In the spring of 2003, the Vector charging system was released to the public and Vector allegedly continued to make the claims it had made on its website. On May 23, 2003, following initial in-house testing, Schumacher again demanded that Vector either produce test results or cease and desist from making such claims. It warned Vector that failure to do so would result in litigation and hired Packer Engineering (Packer), an independent engineering lab, to evaluate Vector's performance claims.

On May 29, 2003, Vector again filed a declaratory judgment action in the Southern District of Florida relating to Schumacher's accusations of false advertising. Again, Vector did not immediately serve Schumacher with the complaint. On June 23, 2003, Vector amended the still-unserved complaint to add claims for false advertising, trade libel and tortious interference, seeking damages. On June 25, 2003, after learning of Packer's findings, Schumacher filed suit here in the Northern District of Illinois, alleging false advertising, deceptive trade practices and unfair competition. On June 27, 2003, Vector finally served Schumacher with its amended complaint in the pending Florida litigation. On July 1, 2003, the day that it received Packer's written findings, Schumacher filed a motion for a preliminary injunction here, which motion is currently pending.

## DISCUSSION

The parties do not dispute that the pending lawsuit in the Southern District of Florida deals with essentially the same issues as before this court. Instead, they argue about how the so-called first-to-file rule should be applied to the facts. Generally, district courts choose to stay proceedings or dismiss an action in favor of a previously filed parallel action. Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993). The Seventh Circuit, however, does not require that we rigidly adhere to this rule, instead holding that, in the interests of justice

the second-filed action may proceed. <u>Tempco Elec. Heater Corp. v. Omega Engin., Inc.</u>, 819 F.2d 746, 749-50 (7th Cir. 1987).

In <u>Galileo International Partnership v. Global Village Communications, Inc.</u>, the defendant filed a declaratory judgment action in California after plaintiffs had filed a cease-and-desist letter relating to alleged trademark infringement. 1996 WL 452273, *1 (N.D. Ill. 1996). It did not however serve the plaintiffs until almost two months later. *Id.* After the filing of the declaratory judgment action, but prior to service, the parties engaged in extensive settlement negotiations, during which plaintiffs were unaware that the suit had been filed. *Id.* at *3. In denying the defendant's motion to dismiss or transfer, the district court, citing <u>Tempco</u>, held that defendant did not properly use the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and therefore decided not to defer to the previously filed action. *Id.* at *3-4. In making its decision, the court took into account the fact that the plaintiffs had already filed a motion for a preliminary injunction and that the interests of justice would be served by keeping the action in Illinois. *Id.* at *4-5.

This case is nearly identical to <u>Galileo</u>. Vector filed suit in Florida on two separate occasions, first in November 2002 and then again in May 2003. There is no indication however that it intended to follow up on the lawsuits absent a subsequent suit by Schumacher. Vector communicated with Schumacher regarding the cease-and-desist letters, yet never mentioned the pending lawsuits. Moreover, unlike in <u>Galileo</u>, Vector did not actually serve Schumacher with any of the complaints until *after* Schumacher had filed this action. Vector offers no explanation for this delay in service. In fact, Vector never even mentions the suit that it filed in November 2002 in its briefs supporting this motion.

The Declaratory Judgment Act is intended to allow a potential civil defendant to obtain a declaration of the legal effect of a course of action without suffering an ongoing threat of

litigation. <u>Tempco</u>, 819 F.2d at 749. It is not a tool with which these potential litigants may secure a delay or choose the forum. *Id.* at 750, *citing*, <u>American Automobile Insurance Co. v. Freundt</u>, 103 F.2d 613, 617 (7th Cir. 1939). If Vector was truly concerned about the legal effects of its advertising claims, it had more than an adequate opportunity to pursue a declaratory judgment in the Florida court. It offers no reasons as to why it dropped the initial suit and delayed serving the second suit if it harbored such concern for its legal rights. Instead, it appears as though Vector merely filed the suits so as to have the choice of forum if litigation ensued. This is an improper use of the Declaratory Judgment Act.

Vector maintains that this case differs from <u>Galileo</u> because the pending Florida case is not a bare declaratory judgment action. On June 23, 2003, Vector added four claims seeking damages. Again, we do not rigidly apply the first-to-file rule without regard to the consequences. *See* <u>Tempco</u>, 819 F.2d at 750; <u>Serlin</u>, 3 F.3d at 224 (stating that in determining whether to transfer or stay because of a parallel proceeding, the district court must take into account any existing special factors). The mere fact that Vector added tort claims to its complaint two days before being sued by Schumacher is not enough to convince us to dismiss this action in favor of the Florida case. Again, even these tort claims were not served on Schumacher until after it had filed in this court.

Finally, we find no reason to transfer this action to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). In determining whether to do so, we look at three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. <u>Coffey v. Van Dorn Iron Works</u>, 796 F.2d 217, 219 n.3 (7th Cir. 1986). Vector admits that, for purposes of the first two factors, Florida and Illinois are essentially equivalent, and that alone dooms the motion to transfer. As was the case in <u>Galileo</u>, we have no authority to dismiss an action pending in another district court. 1996 WL 452273 at *3. We note however

that Schumacher is likely to present the same arguments and theories to that court in support

of a motion to dismiss or transfer and we believe that the possibility of such a motion being

granted is not insignificant.  Moreover, we believe that Schumacher, the party that we believe

is the "true" plaintiff in this action, has the right to a ruling on its motion for a preliminary

injunction in the forum that it chooses.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss or transfer is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 4    , 2003.